UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIO DE LA CRUZ SALES, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>JEH CHARLES JOHNSON,<br><br>    Respondent. | Case No. 16-cv-01745 EDL (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California parolee proceeding *pro se*, filed federal petition for writ of habeas corpus, under 28 U.S.C. § 2241.[1] Petitioner has paid the filing fee. For the reasons stated below, the court orders respondent to show cause why the petition should not be granted.

**DISCUSSION**

A. <u>Standard of review</u>

This court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The

---

[1] Petitioner has consented to magistrate judge jurisdiction. (Docket No. 2.)

court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

B.    Petitioner's claim

According to the petition, in September 2014, petitioner was found suitable for parole and released from prison after serving over 19 years for second degree murder.  Upon release, petitioner was immediately detained by the U.S. Immigration and Customs Enforcement ("ICE").  In November 2014, an immigration judge ordered petitioner removed to the Phillipines.  Petitioner's appeal to the Board of Immigration Appeals was dismissed.  Petitioner's petition for review to the Ninth Circuit Court of Appeals is currently pending.

In March 2015, an immigration judge denied bond.  Petitioner alleges that the decision to deny bond was erroneous.  Liberally construed, petitioner has stated a cognizable claim for relief.  Respondent is ordered to show cause why the petition should not be granted.

**CONCLUSION**

1.    The clerk shall serve by mail a copy of this order, the petition and all attachments thereto, and a magistrate judge consent form upon the respondent and the respondent's attorney, the Attorney General of the United States.  The clerk shall also serve a copy of this order on the petitioner.

2.    Respondent shall file with the court and serve on petitioner, within sixty days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a

Case No. 16-cv-01745 EDL (PR)
ORDER TO SHOW CAUSE

determination of the issues presented by the petition.  At that time, respondent shall also file his magistrate judge consent form.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within sixty days of the date this order is filed.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  June 16, 2016

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

Case No. 16-cv-01745 EDL (PR)
ORDER TO SHOW CAUSE

3