CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
GISELA A. WESTAWATER
Assistant Director
SHEREASE PRATT
Senior Litigation Counsel
GLADYS M. STEFFENS GUZMÁN
Trial Attorney
United States Department of Justice,
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-7181
Facsimile:  (202) 305-1890
E-Mail: gladys.steffens-guzman@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

| | |
|---|---|
| CORNELIO DE LA CRUZ SALES, JR.,<br><br>Petitioner,<br><br>v.<br><br>JOHN F. KELLY, Secretary, United States Department of Homeland Security, et al.,[1]<br><br>Respondents. | Case No. 3:16-cv-01745-EDL<br><br>**Noted on Calendar:**<br>**July 11, 2017 at 9:00 am**<br><br>**RESPONDENTS' MOTION TO AMEND OR ALTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e), 60(a), (b)** |

---

[1] John F. Kelly, Secretary, DHS, is automatically substituted for Jeh C. Johnson, former Secretary, DHS; and Jefferson B. Sessions, III, U.S. Attorney General, is automatically substituted for Loretta Lynch, former U.S. Attorney General; as a party in accordance with Federal Rule of Civil Procedure 25(d).

1

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

RELEVANT FACTUAL BACKGROUND.......................................................................... 2

STANDARD OF REVIEW .................................................................................................. 5

ARGUMENT ........................................................................................................................ 6

   I.  The Court should amend or alter its Order granting Petitioner's habeas petition in light of the omission of Petitioner's April 5, 2017, bond hearing from the record. ........................... 6

   II.  The Court lacked jurisdiction to re-weigh the factors the immigration judge considered in reaching its discretionary determination that Petitioner poses a flight risk justifying detention without bond. ........................................................................................................ 7

CONCLUSION..................................................................................................................... 12

CERTIFICATE OF SERVICE ............................................................................................. 13

# TABLE OF AUTHORITIES

## CASES

*Allstate Ins. Co. v. Herron*,
  634 F.3d 1101 (9th Cir. 2011) ................................................................................................. 5

*Am. Ironworks & Erectors v. N. Am. Constr. Corp.*,
  248 F.3d 892 (9th Cir. 2001) ............................................................................................. 5, 6

*Barber v. Hawai`i*,
  42 F.3d 1185 (9th Cir. 1994) ................................................................................................. 6

*Carlson v. Landon*,
  342 U.S. 524 (1952) ............................................................................................................... 8

*Ching v. Mayorkas*,
  725 F.3d 1149 (9th Cir. 2013) ............................................................................................... 8

*Echeverria-Marrufo v. Keisler*,
  249 Fed. Appx. 550 (9th Cir. 2007) .................................................................................... 10

*Gutierrez-Chavez v. INS*,
  298 F.3d 824 (9th Cir. 2002) ......................................................................................... 2, 10

*Hayes v. Brown*,
  399 F.3d 972 (9th Cir. 2005) ................................................................................................. 7

*Khan v. Ashcroft*,
  374 F.3d 825 (9th Cir. 2004) ................................................................................................. 8

*Martinez-Rosas v. Gonzales*,
  424 F.3d 926 (9th Cir. 2005) .............................................................................................. 10

*Mathews v. Eldridge*,
  424 U.S. 319 (1976) ............................................................................................................... 8

*McDowell v. Calderon*,
  197 F.3d 1253 ......................................................................................................................... 5

*Mester Mfg. Co. v. INS*,
   879 F.2d 561 (9th Cir. 1989) ............................................................................................... 8

*Morrissey v. Brewer*,
   408 U.S. 471 (1972) ............................................................................................................ 8

*Prieto-Romero v. Clark*,
   534 F.3d 1053 (9th Cir. 2008) ............................................................................................. 9

*Rodriguez v. Robbins*,
   804 F.3d 1060 (9th Cir. 2015) ............................................................................................. 6

*Zadvydas v. Davis*,
   533 U.S. 678 (2001) ............................................................................................................ 9

**ADMINISTRATIVE DECISIONS**

*In re Guerra*,
   24 I. & N. Dec. 37 (BIA 2006) ........................................................................................ 8, 9

**STATUTES**

**Immigration and Nationality Act of 1952, as amended:**

Section 101(a)(43)(A)
   8 U.S.C. § 1101(a)(43)(A) .................................................................................................. 3

Section 101(a)(43)(F)
   8 U.S.C. § 1101(a)(43)(F) ................................................................................................... 3

Section 212(c)
   8 U.S.C. § 1182(c) .............................................................................................................. 3

Section 236(a)
   8 U.S.C. § 1226(a) .............................................................................................................. 8

Section 236(c)

   8 U.S.C. § 1226(c) ............................................................................................................. 3

Section 236(e)

   8 U.S.C. § 1226(e) ...................................................................................................... 8, 11

Section 237(a)(2)(A)(iii)

   8 U.S.C. § 1227(a)(2)(A)(iii) ........................................................................................... 3

**Habeas Corpus:**

Section 2241............................................................................................................................ 11

**California Penal Code:**

Section 187................................................................................................................................ 2

**RULES**

**Federal Rules of Civil Procedure:**

Rule 59(e).......................................................................................................................... 1, 2, 5

Rule 60(a)............................................................................................................................. 1, 2,

Rule 60(b) ..................................................................................................................... 1, 2, 5, 6

Rule 60(c).................................................................................................................................. 5

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(a), (b), Respondents respectfully bring this motion requesting that the Court amend or alter judgment, or correct a mistake arising from the omission in the record, with respect to this Court's Order, dated April 27, 2017, denying Respondents' motion to dismiss, and granting Petitioner Cornelio De La Cruz Sales's ("Petitioner") petition for writ of habeas corpus. Judgment, ECF No. 18; Order, ECF No. 17. Respondents also respectfully request that the Court reconsider its impermissive weighing of the evidence before the Immigration Court. Based primarily on Petitioner's September 14, 2016, bond hearing, this Court determined that "the record before this Court does not show that the [Immigration Judge's] decision rested on 'clear and convincing' evidence that Petitioner was a flight risk justifying denial of bond." *Id.* at 13. The Court ordered Respondents to release Petitioner "within sixty days of the filing date of this order, unless the agency provides Petitioner with a new bond hearing before an IJ." *Id.* at 14. The Court further ordered that, "[a]t the hearing, the IJ shall consider that Petitioner has been detained for over two years, and if the government does not show clear and convincing evidence that Petitioner either presents a danger to the community or a flight risk to justify continued detention, the IJ must consider reasonable conditions of supervision." *Id.*

Respondents respectfully request that the Court amend or alter the judgment or, alternatively, correct a mistake arising from the omission in the record. The portion of the Court's Order discussing Petitioner's history of bond hearings is not complete, as it omits discussion of Petitioner's fourth bond hearing that occurred on April 5, 2017, which came shortly

1

before the Court entered the Order.  ECF No.17, at 2-3, ECF No. 1; Ex. 1, April 7, 2017 Bond Order.[2]

Second, in evaluating the most recent hearing—the April 5, 2017 hearing—Respondents ask the Court to reconsider the analysis it applied in its April 27, 2017, Order because it is not in accordance with Ninth Circuit and Supreme Court law.  In the Order, the Court re-weighed the evidence presented to the Immigration Court at the September 2017 hearing, arguing that it was conducting review to determine whether the bond order was legally and constitutionally sound.  ECF No. 17, at 8.  But habeas relief "is not available to claim that the [government] simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *Gutierrez-Chavez v. INS*, 298 F.3d 824, 828 (9th Cir. 2002).  Respondents respectfully ask the Court to reconsider its decision and suggest that in evaluating the most recent bond hearing, the Court should not re-weigh the evidence.

Therefore, in the interests of justice, amending, altering, or reconsidering the judgment under Rule 59(e) or, alternatively, correcting a mistake arising from the omission in the record under Rule 60(a), (b), is warranted, because this Court did not have Petitioner's complete bond hearing history at the time the Order was entered.

**RELEVANT FACTUAL BACKGROUND**

Petitioner is a native and citizen of the Philippines initially admitted into the United States as an immigrant on January 12, 1989.  ECF No. 12, Exh A2.  Thereafter, on December 8, 1995, a California state court convicted Petitioner of murder in violation of California Penal Code § 187, and sentenced him to fifteen years to life imprisonment.  *Id.*, Exh. A1, Judgment of

---

[2] Respondents recognize that they did not update the Court regarding the April 5, 2017 hearing.

2

Conviction and Sentence, dated December 8, 1995. Petitioner has been detained in immigration custody since September 18, 2014, after immigration officials arrested Petitioner and placed him into immigration custody pursuant to INA § 236(c), 8 U.S.C. § 1226(c). On September 23, 2014, DHS commenced removal proceedings against Petitioner by filing a Notice to Appear ("NTA") with EOIR, charging him as removable under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who, at any time after admission, has been convicted of murder, an aggravated felony as defined in INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A). ECF No. 12, Exh. A2, NTA. On November 5, 2014, DHS lodged an additional ground of removal asserting that Petitioner is removable for having been convicted of an aggravated felony/crime of violence as defined in INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) of the Act. *Id.*, Exh. A3, Notice of Additional Charges.

In a written decision dated November 24, 2014, an immigration judge found Petitioner removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). ECF No. 12, Exh. A4, Decision of the Immigration Judge. The immigration judge found him removable because a state court convicted Petitioner of both an aggravated felony crime of murder and an aggravated felony crime of violence. *Id.* The immigration judge further found that because he was sentenced to more than five years for his murder crime, he was not eligible for a waiver under former INA § 212(c), 8 U.S.C. § 1182(c). *Id.* Because Petitioner did not seek any other relief, the immigration judge ordered him removed to the Philippines. *Id.* Petitioner appealed this decision to the Board of Immigration Appeals ("Board") and, on March 18, 2015, the Board dismissed Petitioner's appeal, affirming the immigration judge's November 24, 2014 decision

3

and ordering him removed to the Philippines. *Id.*, Exh. A5, Decision of the Board of Immigration Appeals.

On March 23, 2015, Petitioner filed a petition for review with the Ninth Circuit Court of Appeals, challenging the Board's March 18, 2015 decision, and also filed motion to stay his removal. *See* Ninth Circuit Pet., *Cornelio Sales Jr. v. Eric Holder, Jr*., Docket No. 15-70885 (9th Cir. Mar 23, 2015) at Dkt. Nos. 1-4. The Ninth Circuit, issued an order staying his removal, and heard arguments and submitted the case on Friday, May 19, 2017. *Id.* at Dkt. No. 14, 50.

On March 25, 2015, Petitioner appeared before an immigration judge for a *Rodriguez* hearing. ECF No. 12, Exh. A6, Bond Memorandum of the Immigration Judge, dated April 28, 2015. In a bond memorandum dated April 28, 2015, the immigration judge found that DHS demonstrated by clear and convincing evidence that Petitioner was a flight risk and thus unsuitable for release on bond. *Id.* The immigration judge did not address whether Petitioner was a danger to the community, but instead focused on his lack of ties to the United States and the fact that he has a final order of removal pending against him. *Id.* Petitioner appealed this bond denial to the Board and on September 17, 2015, the Board affirmed the decision of the immigration judge denying the bond. *Id.*, Exh. A7, Decision of the Board of Immigration Appeals, dated September 17, 2015.

The immigration judge conducted a second *Rodriguez* hearing on December 11 and December 18, 2015. ECF No. 12, Exh. A8, Bond Memorandum of the Immigration Judge, dated January 29, 2016. In his decision,[3] the immigration judge again denied Petitioner's bond request after concluding that he remained a flight risk. *Id.* Petitioner appealed the second bond denial

---

[3] The first page of the memorandum has a typographical error and lists the date as 2015, not 2016. The cover sheet lists the correct date as January 29, 2016.

4

and on May 20, 2016, the Board affirmed the decision of the immigration judge denying his bond request. *Id.*, Exh. A9, Decision of the Board of Immigration Appeals, dated May 20, 2016. Petitioner appeared for a third *Rodriguez* hearing on September 14, 2016, ECF No. 16, Exh. A, and a fourth *Rodriguez* hearing on April 5, 2017, prior to this Court issuing its April 27, 2017 Order granting Petitioner's request for writ of habeas corpus. Exh. 1 (Bond Order of April 10, 2017).

On May 3, 2017, an immigration judge granted Petitioner's request for a fifth bond hearing. Exh. 2, Notice of Hearing. Petitioner's fifth bond hearing will be held on June 23, 2017. *Id.*

## STANDARD OF REVIEW

Where there has been a final judgment, a motion to amend or alter judgment may be brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). *Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 59(e) allows a "motion to alter or amend a judgment" to be "filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Similarly, Rule 60(b) allows for a motion seeking relief from judgment to be filed "within a reasonable time." Fed. R. Civ. P. 60(b), (c). Although a court has discretion to grant relief from a prior order, pursuant to Rule 59(e) or 60(b), such relief is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255n. 1 (9th Cir. 1999) (en banc). Generally, a court will only grant a motion under Rule 59(e) when "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* at 1255.

Similarly, under Rule 60(b) of the Federal Rules of Civil Procedure, a party may obtain relief from a judgment or order due to: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks & Erectors*, 248 F.3d at 899. Rule 60(b) motions are also committed to the discretion of the trial court. *Barber v. Hawai`i*, 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

**ARGUMENT**

**I.     The Court should amend or alter its Order granting Petitioner's habeas petition in light of the omission of Petitioner's April 5, 2017, bond hearing from the record.**

The Court should find that sufficient grounds for amending or altering the judgment entered April 27, 2017, or, alternatively, correct a mistake arising from the omission in the record. As an initial matter, the portion of the Court's Order discussing Petitioner's history of bond hearings is not complete. Order, at 2-3. Pursuant to the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *cert. granted sub nom. Jennings v. Rodriguez*, No. 15-01204 (U.S. Mar 28, 2016), aliens detained in the Ninth Circuit are entitled to bond hearings approximately every six months ("*Rodriguez* hearings"). *Rodriguez*, 804 F.3d at 1060. Accordingly, during the twelve months Petitioner's case was pending before this Court, between April 4, 2016, and April 27, 2017, an immigration judge conducted two additional bond hearings, on September 14, 2016, and April 5, 2017. This Court's decision addressed Petitioner's third bond hearing, but omitted any discussion of Petitioner's fourth bond hearing,

which was held on April 5, 2017, merely 22 days prior to the entry of this Court's Order. Exh. 1. On May 3, 2017, the immigration judge scheduled a new bond hearing for June 23, 2017. Exh. 2.

This Court has the discretion to amend or alter its April 27, 2017, Order in light of events that transpired during Petitioner's April 5, 2017 bond hearing. The Court should alter or amend judgment to address what occurred during the April 5, 2017 bond hearing, not the September 2016 bond hearing. Moreover, the Ninth Circuit has noted the government's obligation, in furtherance of due process and so that justice is done, to correct the record when it becomes aware of mistakes of fact, the correction of which would inure to a party's benefit. *Cf. Hayes v. Brown*, 399 F.3d 972, 978 (9th Cir. 2005). Here, the April 5, 2017 bond hearing may or may not inure to Petitioner's benefit, but because it bears on facts that influenced the Court's April 27, 2017 Order, the record underlying that decision should, at a minimum, be corrected so that material, undisputed facts are accurate.

Accordingly, in the interests of justice, the government urges that this Court amend or alter judgment or, alternatively, correct a mistake arising from the omission in the record, based on evidence the Court did not have before it and was unaware of at the time of the Court's April 27, 2017 Order granting Petitioner's habeas petition.

**II. The Court lacked jurisdiction to re-weigh the factors the immigration judge considered in reaching its discretionary determination that Petitioner poses a flight risk justifying detention without bond.**

Respondents further request that this Court hold that Petitioner's continued detention does not violate his due process rights, and deny Petitioner's request for habeas relief. ECF No. 17, at 11. In reaching its decision, the Court impermissibly re-weighed the factors the immigration judge considered in determining that Petitioner poses a flight risk justifying

7

detention without bond, contravening the jurisdictional bar set forth at 8 U.S.C. § 1226(e).  As the Board established in *In re Guerra*, an alien has "no constitutional right to release on bond." 24 I. & N. Dec. 37, 39 (BIA 2006) (citing *Carlson v. Landon*, 342 U.S. 524, 534 (1952)).  Rather, 8 U.S.C. § 1226(a) gives an alien in removal proceedings the opportunity to seek release on bond during the pendency of those proceedings.  In determining whether to release an alien on bond and the amount of bond that is appropriate if any, an immigration judge has broad discretion to consider *any* factors, evidence, or testimony available to or presented by the alien or ICE.  *In re Guerra*, 24 I. & N. Dec. 37 at 40.

As this Court noted, at Petitioner's September 14, 2016, bond hearing, Petitioner presented evidence that "he should be released on bond because he has resided in the United States for a lengthy amount of time, he has a fixed address, and he has family ties."  ECF No. 17, at 12-13.  The immigration judge considered this evidence, and also considered evidence "that Petitioner had no assets or property ties in the United States, . . . had already been ordered removed by the IJ and BIA and was unlikely to succeed on his petition for review in the Ninth Circuit."  *Id.*  These are all factors that may be appropriately considered under *Guerra*. Moreover, as the Ninth Circuit has repeatedly held in the immigration context, "[d]ue process is flexible and calls for such procedural protection as the particular situation demands."  *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)); *see, e.g., Ching v. Mayorkas*, 725 F.3d 1149, 1157 (9th Cir. 2013); *Khan v. Ashcroft*, 374 F.3d 825, 830 (9th Cir. 2004); *Mester Mfg. Co. v. INS*, 879 F.2d 561, 569 (9th Cir. 1989).  Thus, there can be no violation of a constitutional right where an alien is permitted to present any evidence he chooses at a bond hearing.  Instead, due process only requires the government to provide "'adequate procedural protections' to ensure that the government's asserted justification for

physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001)). Because an immigration judge may decide the weight to give the various flight risk factors, and the ultimate bond decision is discretionary, it was within the immigration judge's discretion to continue to detain Petitioner based on the evidence that "Petitioner had no assets or property ties in the United States, and . . . had already been ordered removed by the IJ and BIA and was unlikely to succeed on his petition for review in the Ninth Circuit." ECF No. 17, at 12-13.

As this Court correctly noted, "[t]o satisfy the clear and convincing standard, overwhelming evidence is not required" because "in the end, the government is required only to establish that it has a legitimate interest reasonably related to continued detention; the discretion to release a non-citizen on bond or other conditions remains soundly in the judgment of the immigration judges the Department of Justice employs." *Id.* at 11-12. Nevertheless, rather than limiting its review to whether the immigration judge applied the correct legal standard in Petitioner's bond hearing, this Court analyzed the immigration judge's discretionary weighing of Petitioner's equities vis-à-vis whether he posed a flight risk. ECF No. 17 at 11-13. "Here, the Court is not persuaded that clear and convincing evidence supports the IJ's flight risk finding." *Id.*; *compare* ECF No. 17 at 12-13 ("The IJ did not address other factors such as those set forth in *Matter of Guerra*" like his criminal record or his appearances in immigration court.) *with* ECF 12 at Exh. A6-A9 (both the Board and the immigration judge listing the negative factors that warranted the denial – *i.e.*, his lack of ties in the United States; the speculative nature and limited opportunity to succeed in this Ninth Circuit request for review, his lack of assets and/or property in the United States; his lack of fear of return to the Philippines, among others).

9

Essentially, this Court's re-weighing of the evidence presented at Petitioner's bond hearing amounts to nothing more than a standard abuse of discretion inquiry, and does not attend to any cognizable legal question or constitutional claim. As this Court is aware, the Ninth Circuit consistently rejects similar attempts to recast abuse of discretion arguments as due process violations. "[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (rejecting the petitioner's assertion that the immigration judge erred in finding that the petitioner did not meet the requirement of "exceptional and extremely unusual hardship" was a due process claim); *see also Echeverria-Marrufo v. Keisler*, 249 Fed. Appx. 550, 551 (9th Cir. 2007) (unpublished) (finding that the petitioner's "contention that the IJ applied the incorrect standard and failed to consider many of the hardship factors does not state a colorable due process claim").

Moreover, while habeas relief is available for individuals to claim that the government somehow failed to exercise discretion in accordance with federal law, or did so in an unconstitutional manner, habeas relief "is not available to claim that the [government] simply came to an unwise, yet lawful, conclusion when it did exercise its discretion." *Gutierrez-Chavez v. INS*, 298 F.3d 824, 828 (9th Cir. 2002). In *Gutierrez-Chavez*, the petitioner, who had been convicted of selling cocaine, requested a discretionary waiver of his removal. After the immigration judge denied his request and the Board affirmed that denial, he petitioned for a writ of habeas corpus, arguing that the Board abused its discretion when it found that the positive equities in his favor did not outweigh the negative factors. *Id.* at 827. The district court reviewed Gutierrez's claim on its merits and denied it. *Id.* The Ninth Circuit, in turn, explained that the district court did not have jurisdiction over the merits of Gutierrez's claim, stating that

"[h]abeas petitions that . . . simply seek to change the discretionary result reached by the INS are not within the scope of § 2241 and should be denied." *Id.* at 830.

This Court erred in refusing to accord deference to the immigration judge's decision to deny Petitioner's request for release on bond. It is well-settled that, in the context of immigration, discretionary decisions are generally unreviewable. 8 U.S.C. § 1226(e). Section 1226(e) is clear in that any discretionary judgment within its context is insulated from review and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." Accordingly, this Court should amend or alter its decision, properly determine that Petitioner's habeas claim is not within the scope of § 2241, and deny the petition.

# CONCLUSION

In the interests of justice, the Court should amend, alter, or reconsider its April 27, 2017 Order, pursuant to Fed. R. Civ. P. 59(e) and 60(b).  Furthermore, the Court should vacate its order requiring the immigration judge to hold a new bond hearing within 60 days.  Finally, Respondents request that this Court determine that Petitioner's continued detention does not violate his due process rights, and deny Petitioner's request for habeas relief.

DATED:  May 25, 2017

Respectfully submitted,
CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

SHEREASE PRATT
Senior Litigation Counsel
Office of Immigration Litigation

*/s/ Gladys M. Steffens Guzman*
GLADYS M. STEFFENS GUZMAN
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: 202.305.7181
gladys.steffens-guzman@usdoj.gov
*Attorneys for Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2017, I served a copy of Respondents' Motion to Amend or Alter Judgment Under Federal Rules of Civil Procedure 59(e), 60(a), (b), on *pro se* Petitioner via regular mail to the following address:

Cornelio de la Cruz Sales, Jr.
c/o Michelle Healey
1739-A Sapling Court
Concord, CA 94519

DATED:  May 25, 2017                    Respectfully submitted,

*/s/ Gladys M. Steffens Guzmán*
GLADYS M. STEFFENS GUZMÁN
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-7181
Facsimile:  (202) 305-1890
E-Mail: gladys.steffens-guzman@usdoj.gov

Attorney for Respondents