ANOOP PRASAD (#250681)
JINGNI (JENNY) ZHAO (#284684)
KEVIN CHUN HOI LO (#278908)
MELANIE CHUN-YU KIM (#292588)
ASIAN AMERICANS ADVANCING JUSTICE –
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701
Fax: (415) 896-1702
Email: anoopp@advancingjustice-alc.org

Attorneys for Petitioner CORNELIO SALES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CORNELIO DE LA CRUZ SALES, JR., <br> Petitioner, <br> v. <br> JOHN F. KELLY, Secretary, United States Department of Homeland Security; DAVID W. JENNINGS, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; THOMAS D. HOMAN, Acting Director, United States Immigration and Customs Enforcement; JEFF SESSIONS, United States Attorney General;[1] and SCOTT R. JONES, Sacramento County Sheriff, <br> Respondents. | Case No. 16-cv-01745 EDL <br><br> **PETITIONER'S EMERGENCY EX PARTE MOTION TO SHORTEN TIME FOR MOTION TO ENFORCE JUDGMENT** |

---

[1] Acting Director Homan, Secretary Kelly, and Attorney General Sessions are automatically substituted for their predecessors under Fed. R. Civ. P. 25(d).

For 81 days, Respondents have disregarded the Court's writ of habeas corpus. An Immigration Judge (IJ) refused to follow the writ believing it was "contrary to law." Immigration and Customs Enforcement (ICE) refuses to release Mr. Sales. Attempts at settlement by Mr. Sales have failed. To avoid the irreparable harm of continued unlawful detention, Mr. Sales requests that the Court shorten time for consideration of his motion to enforce the writ of habeas corpus under Federal Rule of Civil Procedure 6(c)(1)(C) and Local Rule 6-3.

## I.     Background Facts

Relevant background facts are summarized in the Court's order and Petitioner's Motion to Enforce Writ of Habeas Corpus. Order Denying Respondents' Motion Dismiss; Granting Petition for Writ of Habeas Corpus ("Order"), ECF No. 17 at 2-3; Petitioner's Motion to Enforce Writ of Habeas Corpus ("Motion to Enforce"), ECF No. 25 at 2-4. The Court ordered Respondents to release Mr. Sales within 60 days unless he was provided an adequate hearing. The IJ refused to comply because he believed the writ was "contrary to law." ICE refuses to release Mr. Sales.

Since Respondents' deadline to comply, counsel for Mr. Sales twice approached Respondents' counsel to discuss settlement. Declaration of Anoop Prasad in Support of Motion to Shorten Time ("Prasad Decl.") ¶¶ 3-4, filed herewith. In a phone call on July 5, 2017, Respondents' counsel stated that they were not willing to discuss settlement and that they opposed the motion to enforce. *Id.* On July 11, 2017, as counsel was filing the motion to enforce, Respondent's counsel called offering to discuss settlement. *Id.* ¶ 5. To provide time for settlement, counsel agreed not to move to shorten time until Respondents made a decision regarding settlement. *Id*.

The parties conferred regarding an expedited schedule. In response to a schedule proposed by Petitioner's counsel, Respondents offered to move their briefing deadline up by a day but stated that they would not agree to hearing before August 1, 2017 due to Respondents' counsel's workload. *Id* ¶¶ 7-8.

## II.    Discussion

2

This Court has the authority to "determine the order in which civil actions are heard and determined . . . [which includes] any action for temporary or preliminary injunctive relief, or any other action" if there is good cause. 28 U.S.C. § 1657(a). "'Good cause' is shown if a right under the Constitution of the United States or a Federal Statute would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id*. Local Rule 6-3 allows the Court to shorten deadlines. Attempts at settlement and to negotiate a schedule mitigating the ongoing harm of detention have proven unsuccessful.

### A. Petitioner Requests Shortened Time Because He Continues to Suffer Irreparable Harm While in Prolonged and Unlawful Detention

Respondents have detained Mr. Sales for nearly three years, much of that time in violation of the Constitution and the Immigration and Nationality Act. Order at 14. Shorter periods of detention have been found to be "unreasonable" and cause "immeasurably significant" harm. *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 42 (D.D.C. 2002). (finding harm if petitioner is not released after two and a half years of detention is "immeasurably significant"); *Tijani v. Willis*, 430 F.3d 1241, 1249 (9th Cir. 2005) (thirty months of detention unreasonable requiring immediate release).

Specifically, the harm caused to Mr. Sales by prolonged, unlawful detention is substantial. Civil Local Rule 6-3(a)(3) (considering substantial harm caused by not shortening time). Without notice, Respondents transferred Mr. Sales to Louisiana on September 22, 2016. Later, Respondents moved Mr. Sales again to Alabama. Mr. Sales' wife, elderly parents, and counsel all live in California. Since his transfer, Mr. Sales' family has not been able to visit him. Even if his family were able to afford travel to Alabama, the Etowah County Detention Facility only permits video visitation conducted with the detainee and family in different rooms. Being detained thousands of miles away from his family and being deprived of all meaningful contact has exacerbated the harm he has already suffered.

By contrast, Respondents would face minimal harm by shortening time to consider Mr.

3

PETITIONER'S EMERGENCY EX PARTE MOTION TO SHORTEN TIME FOR MOTION TO ENFORCE WRIT OF HABEAS CORPUS
Case No. 16-cv-01745 EDL

Sales' motion to enforce. Mr. Sales remains under parole and close supervision with the State of California. His residence and travel are carefully monitored and restricted. In the event Mr. Sales is ordered removed, Respondents would have little difficulty locating him. *See Seretse-Khama*, 215 F. Supp. 2d at 53-54 (noting minimal harm caused by release).

### B. Attempts to resolve Mr. Sales' prolonged detention and to obtain a stipulation to shorten time have been unsuccessful.

As required by Local Rule 37-1, Petitioner's counsel has attempted to resolve all disputed issues with Respondents. Twice prior to filing the motion to enforce, counsel for Mr. Sales approached Respondents' counsel regarding settlement but was informed that Respondents would not consider settlement. On July 11, 2017, as counsel for Mr. Sales was in the process of filing the motion to enforce, Respondents' counsel called offering to discuss settlement. Both counsel agreed that settlement was preferable. To allow for time to discuss settlement with ICE, counsel for Mr. Sales agreed not to move to shorten time or take other action beyond filing the motion to enforce. Not having received a response by July 17, 2017, counsel for Mr. Sales inquired regarding settlement and was informed that Respondents would not be settling.

Counsel for Mr. Sales proposed an expedited schedule for briefing and hearing on the motion to enforce. Counsel exchanged proposed dates, but Respondents' counsel declined setting a hearing prior to August 1, 2017 because of deadlines in other cases. Prasad Decl. ¶¶ 7-8. A suggestion to have another attorney at the Department of Justice attend the hearing was also declined. Counsel for Mr. Sales indicated that the length of Mr. Sales' detention, particularly after the Court granted a writ of habeas corpus, warranted a hearing sooner.

### III. Conclusion

The sole issue to be decided at the hearing is whether Respondents complied with the order. Given the irreparable harm caused by continued detention, Mr. Sales proposes the following schedule for Petitioner's Motion to Enforce Judgment. Respondents' brief will be due

4

PETITIONER'S EMERGENCY EX PARTE MOTION TO SHORTEN TIME FOR MOTION TO ENFORCE WRIT OF HABEAS CORPUS
Case No. 16-cv-01745 EDL

on July 21, 2017. Petitioner's response will be due on July 24, 2017. A hearing on the Motion to Enforce Judgment will be set for July 25, 2017 or earlier. The Court may also decide the motion on the briefing or after a telephone conference with counsel. *See* Local Rule 7-1(b).

Dated: July 18, 2017                    Respectfully submitted,

                                          */s/ Anoop Prasad*
                                          ANOOP PRASAD
                                          JINGNI (JENNY) ZHAO
                                          KEVIN CHUN HOI LO
                                          MELANIE CHUN-YU KIM

                                          ASIAN AMERICANS ADVANCING JUSTICE –
                                          ASIAN LAW CAUCUS

5

PETITIONER'S EMERGENCY EX PARTE MOTION TO SHORTEN TIME FOR MOTION TO ENFORCE WRIT OF HABEAS CORPUS
Case No. 16-cv-01745 EDL