ANOOP PRASAD (#250681)
JINGNI (JENNY) ZHAO (#284684)
KEVIN CHUN HOI LO (#278908)
MELANIE CHUN-YU KIM (#292588)
ASIAN AMERICANS ADVANCING JUSTICE –
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701
Fax: (415) 896-1702
Email: anoopp@advancingjustice-alc.org

Attorneys for Petitioner CORNELIO SALES

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNELIO DE LA CRUZ SALES, JR., <br><br> Petitioner, <br><br> v. <br><br> JOHN F. KELLY, Secretary, United States Department of Homeland Security; et al., <br><br> Respondents. | Case No. 16-cv-01745 EDL <br><br> **DECLARATION OF ANOOP PRASAD IN SUPPORT OF EMERGENCY EX PARTE MOTION TO SHORTEN TIME** |

I, Anoop Prasad, declare as follows:

1. I make this declaration from my personal knowledge and, if called to testify to these facts, could and would do so competently.

2. I am licensed to practice law in the state of California and am employed as a Senior Staff Attorney at Advancing Justice – Asian Law Caucus, a non-profit organization in San Francisco, California. In this role, I represent Mr. Sales in his habeas petition.

3. Since Mr. Sales' bond hearing on June 23, 2017, I have attempted to resolve this matter with Respondents. Immediately following the hearing, I contacted Immigration and Customs Enforcement (ICE) to inform them that the hearing had failed to comply with the writ of habeas corpus and to request release. On June 27, 2017, after the deadline to comply with the writ had passed and not having received a response, I contacted ICE again and was informed that they would not be releasing Mr. Sales.

4. On June 27, 2017, I also e-mailed Gladys Steffens-Guzman, Respondents' counsel, to inform her Respondents were in violation of the writ. I did not receive a response. I e-mailed Respondents' counsel again on July 5, 2017 with a copy of the hearing audio and received a phone call in response. Respondents' counsel stated that they would oppose any motion to enforce the writ of habeas corpus and would not consider settlement.

5. On July 11, 2017, I filed a motion to enforce the writ of habeas corpus requesting Mr. Sales' release from custody. After I had filed my notice of appearance but just before filing the motion, Respondents' counsel called my cell and work phones to discuss settlement. Initially, Respondents' counsel stated she needed until Thursday, July 13, 2017, to negotiate settlement with her clients but later stated she would have an answer by Monday, July 17, 2017. I agreed not to move to expedite proceedings while settlement was considered.

6. I did not receive a response before Monday, July 17, 2017. I e-mailed Respondents' counsel for an update on settlement. Respondents' counsel responded that they would not be settling the case.

7. Given Mr. Sales' lengthy detention, I attempted to negotiate an expedited briefing schedule to allow the motion to be heard as soon as possible. I proposed shortening the

time for Respondent and Petitioner to submit briefs so that the matter could be heard on July 25, 2017. Respondents offered to file their brief on July 24, 2017, one day before their current deadline, so that the matter could be heard on July 25, 2017. Although this would not allow for enough time for Petitioner to respond to the opposition, I agreed because of the toll that detention has taken on Mr. Sales.

8. Respondents counsel called indicating that she could not attend a hearing on July 25, 2017 because of a conflict. I suggested that another attorney at the Department of Justice attend one of the hearings. After considering the suggestion, Respondents' counsel responded that they could not agree to a hearing before August 1, 2017. Respondents' counsel explained that on July 24, 2017, she was scheduled for a hearing in *NWIRP v. Sessions, et al.*, No. 17-716 (W.D. Wash.) and had a deadline to submit a proposed order in *Bourdon v. USDHS*, 17-80207 (S.D. Fla.). I notified Respondents' counsel that I would be filing an ex parte motion to shorten time.

9. For the past three years, I have spoken to Mr. Sales on the phone several times a week although I have not represented him for much of that time. Mr. Sales would call to update me on his case but primarily to help other detainees connect with pro bono legal services. Over the course of his detention, I have seen the emotional toll that detention has taken on Mr. Sales especially since his transfer out-of-state, thousands of miles from his family. Following his transfer on September 22, 2016, Mr. Sales considered giving up and accepting deportation rather than remain in detention and asked for information on the process to lift his stay of removal. Mr. Sales explained that while he saw his family each week in California, he has yet to see his family since being transferred.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on July 18, 2017 in San Francisco, California.

3
DECLARATION OF ANOOP PRASAD IN SUPPORT OF PETITIONER'S MOTION SHORTEN TIME
CASE NO. 16-CV-01745 EDL

1
2
                        Anoop Prasad

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28